# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:13-CR-5-5- JRG-RSP |
| | § | |
| PAUL ALLEN WIGINGTON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On July 10, 2014, the undersigned held a final hearing on the Government's petition (#303) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, Paul Allen Wigington, was represented by Ken Hawk.

Paul Allen Wigington was sentenced on August 20, 2013, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Distribution of Heroin, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of I, was 0 to 6 months. Paul Allen Wigington was subsequently sentenced to 6 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare. On August 28, 2013, Paul Allen Wigington completed his period of imprisonment and began service of the supervision term.

On December 30, 2013, a petition for action was filed due to several incidents of illegal drug use. On January 27, 2014, a hearing was held which resulted in Mr. Wigington's placement in the Residential Reentry Center; as well as referral to mental health and substance

abuse counseling.  On February 17, 2014, Mr. Wigington was released from federal custody and placed in the Residential Reentry Center for 180 days.

On June 4, 2014, this petition to revoke was filed.  In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard</u>:  The Defendant shall not illegally possess a controlled substance.  Specifically, the Government alleges as follows:  On or about May 23, 2014, Mr. Wigington admitted to being in possession synthetic marijuana.

2) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.  Specifically, the Government alleges as follows:  On November 3, 2013; November 5, 2013; November 7, 2013; November 8, 2013; and December 16, 2013, Paul Wigington provided urine specimens which tested positive for methamphetamine.

3) <u>Special</u>:  Beginning at a time to be arranged by the probation officer, Paul Allen Wigington shall reside in a residential reentry center for a period of 180 days.  During this term, the defendant shall observe all rules and regulations of the facility.  Specifically, the Government alleges as follows:  On May 28, 1014, Mr. Wigington was unsuccessfully discharged from the Residential Reentry Center due to continued violations of the rules and regulations of the facility.

The Court scheduled a revocation hearing for July 10, 2014.  At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above.  Based on the Defendant's plea of true to the

allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 9 months + 80 days with no supervised release to follow such term of imprisonment. The Court recommended service of sentence at FCI Seagoville. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 11 months and 20 days with no supervised release to follow such term of imprisonment. The Court recommended service of sentence at FCI Seagoville.

At the close of the July 10, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 10th day of July, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE